IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-40928
Summary Calendar
_____

MARK HARRY GABRIEL,

                                        Plaintiff-Appellant,

                        versus

CITY OF PLANO; ET AL

                                        Defendants,

CITY OF PLANO; MARK HUNT, in his official
capacity as City of Plano police officer;
TERRY PAULEY, in his official
capacity as City of Plano Police Department;
ROBERT LEITZ, in his official capacity as
City of Plano police officer,

                                        Defendants-Appellees.

_____

No. 00-40021
Summary Calendar
_____

MARK HARRY GABRIEL,

                                        Plaintiff,

                        versus

CITY OF PLANO; ET AL

                                        Defendants,

CITY OF PLANO; MARK HUNT, in his official
capacity as City of Plano police officer;
TERRY PAULEY, in his official capacity
as City of Plano Police Dept;
ROBERT LEITZ, in his official capacity
as City of Plano police officer,

                                        Defendants-Appellees,

                        versus

BRUCE W. GREEN; BRIAN FAHLING; MICHAEL J.
DEPRIMO; BRYAN J. BROWN; PHIL PRESCOTT,

                                        Appellants.

_____

Appeals from the United States District Court

June 13, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

These appeals concern sanctions issued pursuant to 28 U.S.C. § 1927 against the attorneys of the plaintiff, Mark Harry Gabriel. Because we find that the district court's awards were not an abuse of discretion, we AFFIRM the awards.

Gabriel brought an action under 42 U.S.C. § 1983 against the City of Plano, the mayor, and several police officers for alleged abridgements of his right to free speech. The police had removed Gabriel, an anti-abortion protester, from a public area near a local high school.

The litigation apparently became uncivil early on. The behavior by Gabriel's counsel relevant to this appeal included repeated requests for document discovery; the filing of an opposition to Plano's motion for leave to designate expert witnesses; and the filing of disciplinary charges against one of the attorneys for Plano. Two issues also arose regarding allegedly frivolous claims: Gabriel's attorneys' failure to dismiss Plano's mayor, who had been sued only in his official capacity and had no

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

involvement with the incident; and the failure to abandon an excessive force claim until the first day of trial.

After a bench trial in which the district court found the claims to be without merit, the defendants moved for sanctions for 16 different acts by Gabriel's attorneys. The district court granted the motion regarding six of the alleged acts, for a total sanction of $52,820.50. The court also noted that fees were available for the City's preparation of the motion, and after the City sought clarification of an amount, the court awarded $15,000 for preparation time. Gabriel timely appealed both awards.

We first address whether we may hear this appeal on behalf of all the appellants. While the first appeal was brought in Gabriel's name, the appeal is actually on behalf of his five attorneys. Even if a notice of appeal does not list the parties who actually intend to appeal, it is sufficient if it is objectively clear that a party intended to appeal. See FED. R. APP. P. 3(c) advisory committee's note to 1993 Amendments (2000). In Garcia v. Wash, we held that a notice of appeal of sanctions was sufficient where only the attorney, not the litigant himself, received sanctions. 20 F.3d 608, 610 (5th Cir. 1994).

We find that it is clear that all of Gabriel's attorneys intended to appeal the order. The district court's sanctions order does not distinguish among them. As Gabriel was not a sanctioned party, it is obvious that his attorneys and not Gabriel are the actual appellants.

3

Turning to the merits, we find no abuse of discretion in the district court's awards of sanctions. Sanctions under § 1927 are allowed for actions that are both unreasonable and vexatious. See Edwards v. General Motors Corp., 153 F.3d 242, 246 (5th Cir. 1998). The district court's account enjoys factual support and its legal basis was not in error. Moreover, it set forth detailed reasons for each of the sanctions and awarded amounts based on an itemized motion filed by Plano. That it rejected sanctioning Gabriel's attorneys for most of the complained-of conduct indicates that it sanctioned them only when § 1927 sanctions were required.

Gabriel's attorneys raise no specific challenge to the award for the preparation of the City's motion, and we find no error in it.

AFFIRMED AS TO BOTH APPEALS.